# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA RIMMER BELANGER, et al.,

    Plaintiffs,

v.

ROBERT J. POWELL, et al.,

    Defendants.

NO. 3:10-CV-1405

(JUDGE CAPUTO)

**FILED SCRANTON**

AUG 16 2017

PER _____ DEPUTY CLERK

## MEMORANDUM ORDER

Presently before me is Defendant Robert J. Powell's motion for a special mediation procedure, (Doc. 82), which would permit Plaintiffs to share completed settlement agreements with the mediator,[1] and permit the mediator to share those agreements with Mr. Powell and his counsel during mediation, subject to strict confidentiality requirements for the sole purpose of facilitating mediation.

In their Amended Complaint (Doc. 47), Plaintiffs allege two counts for conspiracy to violate civil rights against Mr. Powell and thirteen other defendants, including: Mark A. Ciavarella, Jr. and Michael T. Conahan (the "Judge Defendants"), the County Of Luzerne, Greg Skrepenak, Todd Vonderheid, Sam Guesto, Sandra Brulo, and Luzerne County Department Of Juvenile Probation, (the "Government Defendants"), Robert Mericle and Mericle Construction, Inc., (the "Mericle Defendants"), and PA Child Care, LLC, Western PA Child Care, LLC., and Mid-Atlantic Child Youth Services, Inc. (the "Provider Defendants").

At least two sets of settling defendants -- the Mericle Defendants and the Provider Defendants -- have previously settled with Plaintiffs for undisclosed amounts pursuant to confidential settlement agreements. (Doc. 82, ¶ 3). Mr. Powell now claims that he is unable

---

[1] On June 20, 2016, I referred this matter to the Honorable Thomas I. Vanaskie to conduct mediation. (Doc. 66).

to value his exposure in this case without knowing the terms and compensation amounts of the settlement agreements with the settling defendants, including the Mericle and Provider Defendants, in light of unknown apportionment, contribution, and indemnity issues. (*Id.* ¶ 5).[2] Mr. Powell argues that if this matter proceeded to trial, he would assert a right to learn the terms of these settlement agreements and that the Court may be required to disclose such terms in some fashion so that issues related to apportionment, contribution, and indemnification could be meaningfully addressed before trial. Thus, he argues, at this time, mediation cannot meaningfully progress without the disclosure.

Plaintiffs join in Mr. Powell's motion to allow the settlement values to be provided to Judge Vanaskie for purposes of mediation and to allow Judge Vanaskie to share them with Mr. Powell. (Doc. 83). The only objecting party are the Provider Defendants. (Doc. 84). While they do not object to Plaintiffs providing the settlement values to Judge Vanaskie, they do object to Judge Vanaskie providing the values to Mr. Powell. (*Id.* at 1).

First, I note the dearth of caselaw on the subject of mediation procedures. The Court's Local Rules, the applicable statutes, and the Federal Rules of Civil Procedure also do not address the topic. However, the Supreme Court has acknowledged that the provisions of the Federal Rules of Civil Procedure are not intended to be the exclusive authority for actions to be taken by district courts. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386 (1962). A district court's ability to take action in a procedural context may be grounded in "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31, 82 S.Ct. 1386 (footnotes omitted). The Supreme Court has long

---

[2] The terms of the confidential settlement agreements apparently limit the settlement parties' ability to share those terms with Mr. Powell or his counsel. (Doc. 82, ¶ 6).

2

held that "the inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 651-52 (7th Cir. 1989) (*en banc*); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455 (1980) (quoting *United States v. Hudson & Goodwin*, 7 Cranch 32, 34, 11 U.S. 32 (1812)).

Although the scope of a district court's inherent powers appears broad, it is actually quite limited.

> There are at least four limiting principles. First, inherent powers must be used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases. *Coyante v. P.R. Ports Auth.*, 105 F.3d 17, 23 (1st Cir. 1997). Second, inherent powers cannot be exercised in a manner that contradicts an applicable statute or rule. *Chambers v. NASCO*, 501 U.S. 32, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Third, the use of inherent powers must comport with procedural fairness. *Id.* at 50, 111 S.Ct. 2123. And, finally, inherent powers "must be exercised with restraint and discretion." *Id.* at 44, 111 S.Ct. 2123.

*In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002).

In the instant matter, because I find that this Court does have the inherent power to specify the relevant mediation procedures, **NOW**, this _16th_ day of August, 2017, **IT IS HEREBY ORDERED** that:

1. Plaintiffs may disclose the full settlement agreements with all settling defendants, including the Mericle and Provider Defendants, to Judge Thomas I. Vanaskie within the context of the mediation.

2. Judge Vanaskie is permitted to disclose to Mr. Powell and his counsel, within the confines of the mediation procedure, the full settlement agreements with all settling defendants, including the Mericle and Provider Defendants.

3. Should Judge Vanaskie decide to disclose the full settlement agreements, Mr. Powell and his counsel are ordered to make no copies of the settlement

agreements and are prohibited by this order from disclosing the terms of the settlement agreements in any context other than within the confidential mediation itself absent further order of the Court.

*A. Richard Caputo*
A. Richard Caputo
United States District Judge